CHRIS. BERNHARD, et al., v. THE CITY OF WYANDOTTTE.

1. PETITION *States a Cause of Action.* In an action by a city against the principal and sureties on a city treasurer's bond, where the petition in detail sets forth the substance of the bond, and also sets forth in detail that the city treasurer, by virtue of his office, received large sums of money belonging to the city, which were not used or paid out for the city, and which he failed to pay over to his successor in office, or to account for, and which he converted to his own use, such petition states a cause of action on the bond.

2. TRIAL; *Decision on Objections Reserved.* On the trial of a case before a referee, the referee, in several instances, did not decide the questions arising upon objections made to evidence at the time when the objections were made, but reserved his decision on such questions until his final decision of the case, and then decided such questions, and proper exceptions were noted: *Held,* Not error.

3. CITY TREASURER; *Action on Bond; Presumptions.* Where a city treasurer serves two terms under two official bonds, with precisely the same sureties on each bond, and an action is commenced against the treasurer and his sureties on the second bond, *held,* that it will be presumed, in the

absence of anything to the contrary, that the treasurer at the time of giving his second bond had in his possession all the moneys belonging to the city which he at that time, and upon an accounting, should have had in his possession as city treasurer, and that he and his sureties on his second bond are liable therefor.

4. —————— *Evidence to Show Transactions.* In an action on a city treasurer's bond, where it is alleged that he failed to account for certain specific items, *held,* that evidence may be introduced, if necessary, with respect to all his transactions as city treasurer, to prove that he did not account with reference to these particular items.

5. —————— Also, *held,* that the records of the city clerk may be introduced in evidence for the same purpose.

6. —————— Also, *held,* that the evidence sustains the findings of the referee.

7. —————— And further *held,* that a sufficient demand was made in this case.

### Error from Wyandotte District Court.

ACTION by *The City of Wyandotte,* on the bond of *Chris. Bernhard* as treasurer of said city. Judgment for *The City,* at the April Term, 1884. The defendants bring the case to this court. The opinion states the material facts.

*D. B. Hadley, John T. Harlow,* and *Nathan Cree,* for plaintiffs in error.

*Henry McGrew,* city attorney, and *Goodin & Keplinger,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought in the district court of Wyandotte county by the city of Wyandotte against Chris. Bernhard, as principal, and J. W. Wahlenmaier, Byron Judd, and Herman Belter, as sureties, on the official bond of Bernhard as the treasurer of said city. The case was referred, by the consent of the parties, to Hon. Nelson Cobb for hearing, who tried the case, and found in favor of the plaintiff and against the defendants in the sum of $6,586.66, for which sum, with costs, the district court rendered judgment. The defendants, as plaintiffs in error, now seek a reversal of such judgment by petition in error in this court.

We shall consider the various points made by counsel. We think the petition in the court below was sufficient. It gave the substance of the bond sued on, and for a cause of action thereon alleged several breaches thereof. It alleged that Bernhard, by virtue of his office, received large sums of money belonging to the city, which were not used or paid out for the city, and which he failed to pay over to his successor in office, or to account for, and which he converted to his own use. Also, specific sums are mentioned in the petition as not having been accounted for. The breaches of the bond are also alleged in detail, as well as generally. This we think is sufficient. The old forms of pleading are abolished in Kansas, (Civil Code, § 85,) and all that the pleader is now required to do is to state the *facts* of his case in ordinary and concise language and without repetition, (Civil Code, §§ 87, 94;) and this was sufficiently done in the present case; and certainly, as no demurrer was filed to the petition, no motion to make it more specific or definite, and as no objection was made to the introduction of evidence because of any supposed defect in the petition in not stating facts sufficient to constitute a cause of action, the petition must now be held to be sufficient. The first objections made to the petition were placed in the motion for a new trial; but, as before stated, we think the petition is sufficient, and sufficient as setting forth a cause of action on Bernhard's official bond. It stated a cause of action independent of the allegations of conversion; and such allegations may be treated as surplusage.

On the trial of the case, the referee, in several instances, did not decide the questions arising upon objections made to evidence at the time when the objections were made, but reserved his decision on such questions until his final decision of the case. This was not error. It is the almost universal practice of courts and referees to try cases in this manner. The practice hastens the trial, and by this means the objections are more intelligently considered and decided. Of course there might be cases where a court or referee would err materially if it did not immediately render its decision upon objections made to

evidence; but this is not one of such cases. This is one of that class of cases in which justice could better be done by the referee's doing as he did. The reserved questions were all decided at the time of the final decision, and the evidence admitted or excluded as the referee thought right under the law and the other evidence introduced, and proper exceptions noted.

It appears in this case that the defendant, Bernhard, served two terms as city treasurer of Wyandotte; that he gave a bond for each term; and that the other defendants, and they only, were his sureties on each of such bond. The present action is on the second bonds. It also appears that the plaintiff introduced evidence for the purpose of showing that a large amount of money belonging to the city was in Bernhard's hands at the time he gave the second bond. This evidence was objected to on the ground that it was incompetent, for the reason that the action was upon the second bond only. We think the evidence was competent. It was not introduced for the purpose of showing a default or liability on Bernhard's first bond, but to show the amount of money belonging to the city in Bernhard's hands at the time when the second bond was given; and certainly Bernhard and his sureties on the second bond are liable for all the moneys belonging to the city in Bernhard's hands at the time of the execution of the second bond; and as Bernhard and his sureties on the second bond are the same parties, precisely, that executed the first bond, we think it ought to be presumed against them, at least *prima facie*, that Bernhard had in his possession at the time the second bond was given, all the moneys belonging to the city which he at that time, upon an accounting, should have had in his possession as city treasurer. If Bernhard did not have such moneys in his hands at that time, we think it devolved upon him and his sureties who executed both bonds to show it.

On the trial the defendants objected to the introduction of any evidence with reference to any items except certain specific items mentioned in the petition. We think, however, the petition was sufficiently broad to admit all the evidence that

was admitted. Besides, it seemed to be necessary, in order to prove that the defendant Bernhard had failed to sufficiently account with respect to the particular items mentioned in the petition, to introduce evidence with respect to all his other transactions with the city. There was no intention, however, to charge the defendants upon any items except those set forth in the petition; and the judgment as finally rendered was with respect to such items only. We think there was no error in admitting the records of the city clerk. They were public records, and entitled to consideration, whether they proved much or little, and whether entitled to great weight or but little.

The principal grounds urged for error in this court, however, are the supposed erroneous findings of the referee with respect to the failure of Bernhard to sufficiently account with regard to two separate items, one for $1,600 and the other for $5,000. Whether the referee erred, or not, with respect to these matters, is the only substantial question involved in this case, and it is really a question of fact, and not one of law; and it depends for its solution upon a vast amount of evidence, both oral and documentary, covering Bernhard's two terms of office as city treasurer, covering a period of nearly four years, and covering a vast number of transactions. It may be that the referee, in making these findings, erred in some unimportant particulars, but we cannot say that he erred with respect to Bernhard's failure to properly account with regard to these two particular items. We are inclined to think that with reference to these two particular items, and indeed with respect to all material matters, the preponderance of the evidence sustains the findings of the referee. There was at least such an amount of evidence sustaining them that we cannot now, after they have been approved by the trial court, set them aside as not sustained by sufficient evidence. The principal ground of contention with respect to these matters is, whether these two items were included in or covered by certain credits and general receipts given by the city clerk to Bernhard. If they were, it seems to be admitted that the evidence would show

that Bernhard had failed to properly account with respect to these items; and we are inclined to think that the preponderance of the evidence tends to show this; but even if these items were not contained in such credits and receipts, still it would seem that about the amount of these two items has never been properly accounted for by Bernhard. Viewing the case in any light, we cannot say that the material portions of the findings of the referee are unsupported by sufficient evidence. As before stated, these findings are made upon both written and oral testimony, and just how much weight the referee gave to any particular portion of the oral testimony, we cannot tell. Possibly the referee did not consider the testimony of Bernhard as entitled to much credit, and if so his decision is now conclusive.

We think a sufficient demand was made upon the defendant, Bernhard, before the commencement of this action. The defendant's successor in office made a general demand upon him, "to turn over all the moneys, books and papers in his hands belonging to said city," which demand we think was sufficient. But whether a demand was made, or not, was not one of the issues in this case, and after the persistent ·contest carried on by the defendants upon other grounds, including the ground that upon an accounting Bernhard did not owe the city anything, we hardly think that they are in a condition to now claim that no sufficient demand was made. And further, a demand would hardly seem to be necessary under the bond. It was Bernhard's duty to pay over to his successor in office all moneys in his hands belonging to the city, whether any demand was made therefor, or not.

There are a few other points made by counsel, but we do not think that they demand consideration.

Finding no material error in the proceedings of the court below, or of the referee, the judgment of the court below will be affirmed.

All the Justices concurring.